GILBERT HOTEL No. 4 INC. *v.* JONES.

DUCKWORTH, Justice. The petition shows that the petitioner was the lessee of a hotel for a period of ten years under a lease contract reciting that the lessee was prohibited from subleasing the premises. This contract was attached to the petition as exhibit "A." The lessee later executed a contract which was attached to the petition as exhibit "B," and which recognized that the lease prohibited subleasing the premises, and expressly stated that it was not a lease or transfer of a lease, but was merely a contract of employment by which the other parties thereto were employees of the lessee and were obligated to pay to the lessee 5 per cent. of the gross receipts from the operation of the hotel and 20 per cent. of the gross receipts from a designated class of guests, and by which he conveyed to them the furnishings and personal property of the hotel. The petition also had attached as exhibits two later contracts between the said employees and the original lessor, which provided for the sale to the lessor of the personal property and furnishings, and in no wise purported to lease or sublease the hotel. The petition alleges that the lessor, the grantee in the last-mentioned contracts, owes the petitioner large sums of money arising under the provisions of the employment contract marked exhibit "B," as the 5 per cent. and 20 per cent. items therein provided for, and prays for judgment against the defendant on this account in the sum of $10,000. The sole exception is to the judgment sustaining a general demurrer to the petition. The suit does not involve a lease of land and consequently is not a suit respecting title to land. It does not come under any of the type of cases over which the Supreme Court is given jurisdiction. Code, § 2-3005.

*Transferred to the Court of Appeals. Bell, C. J., Jenkins, P. J., Atkinson and Wyatt JJ., concur.*

No. 15172. JUNE 5, 1945.

340

*Pierce Brothers* and *Andrew A. Smith,* for plaintiff.
*Hammond, Kennedy & Yow,* for defendant.